UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **15-20416-CR-KING/TORRES**

18 U.S.C. § 1349
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

LOURDES MORA,

   Defendant.
_____/

FILED by ___ D.C.
JUN 09 2015
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information,

1.   The Medicare Program ("Medicare") was a federal health care program providing benefits to persons who were 65 or older or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2.   Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b), and a "Federal health care program," as defined by Title 42, United States Code, Section 1320-7b(f).

3.   Part B of the Medicare program covered partial hospitalization programs ("PHPs") connected with the treatment of mental illness. The treatment program of PHPs closely resembled that of a highly structured, short-term hospital inpatient program, but it was a distinct and organized intensive treatment program that offered less than 24-hour daily care and

was designed, in part, to reduce medical costs by treating qualifying individuals outside the hospital setting.

4. Under the PHP benefit, Medicare covered the following services: (1) individual and group therapy with physicians or psychologists (or other authorized mental health professionals); (2) occupational therapy; (3) services of social workers, trained psychiatric nurses, and other staff trained to work with psychiatric patients; (4) drugs and biologicals furnished for therapeutic purposes that cannot be self-administered; (5) individualized activity therapies that were not primarily recreational or diversionary; (6) family counseling (for treatment of the patient's condition); (7) patient training and education; and (8) diagnostic services.

5. Medicare generally required that the PHP be provided at a facility that was hospital-based or hospital-affiliated, but Medicare also allowed a PHP to be provided in a Community Mental Health Center ("CMHC"), which was a provider type under Part A of Medicare.

6. Medicare required that, to qualify for the PHP benefit, the services must have been reasonable and necessary for the diagnosis and active treatment of the individual's condition. The program also must have been reasonably expected to improve or maintain the condition and functional level of the patient and to prevent relapse or hospitalization. The program must have been prescribed by a physician and furnished under the general supervision of a physician and under an established plan of treatment that meets Medicare requirements.

7. Typically, a patient who needed this intensive PHP treatment had a long history of mental illness that has been treated. Patients were ordinarily referred either (a) by a hospital after full inpatient hospitalization for severe mental illness or (b) by a doctor who was trying to

prevent full inpatient hospitalization for a severely mentally ill patient the doctor had been treating.

8. Medicare did not cover programs involving primarily social, recreational, or diversionary activities.

9. In order to receive payment from Medicare, a CMHC, medical clinic, or physician was required to submit a health insurance claim form to Medicare, called a Form 1450. The claims may have been submitted in hard copy or electronically. A CMHC, medical clinic, and physician may have contracted with a billing company to transmit claims to Medicare on their behalf.

10. Medicare Part B was administered in Florida by a government contractor which, pursuant to contract with the United States Department of Health and Human Services, served as an agent on behalf of the United States Department of Health and Human Services to receive, adjudicate, and pay Medicare Part B claims submitted to it by Medicare beneficiaries, physicians, or CMHCs. Medicare Part B paid CMHCs and physicians directly for the cost of PHP services furnished to eligible Medicare beneficiaries, provided that the services met Medicare requirements.

**Relevant Entities and the Defendant**

11. R&S Community Mental Health, Inc. ("R&S") was a Florida corporation, incorporated on or about April 7, 2003, that did business in Miami-Dade County, Florida. R&S purported to operate a community mental health center, which offered PHP services to eligible Medicare beneficiaries.

12. St. Theresa Community Mental Health Center, Inc. ("St. Theresa") was a Florida corporation, incorporated on or about January 12, 2004, that did business in Miami-Dade

County, Florida. St. Theresa purported to operate a community mental health center, which offered PHP services to eligible Medicare beneficiaries.

13.     New Day Community Mental Health Center, LLC ("New Day") was a Florida corporation, incorporated on or about August 4, 2005, that did business in Miami-Dade County, Florida. New Day purported to operate a community mental health center, which offered PHP services to eligible Medicare beneficiaries.

14.     Defendant **LOURDES MORA**, a resident of Miami-Dade County, was a therapist at R&S, St. Theresa, and New Day.

## CONSPIRACY TO COMMIT HEALTH CARE FRAUD
## (18 U.S.C. § 1349)

From in or around January 2008, through at least in or around December 2010, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant,

**LOURDES MORA,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with others, known and unknown, to violate Title 18, Unites States Code, 1347, that is, to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

### PURPOSE OF THE CONSPIRACY

It was a purpose of the conspiracy for **LOURDES MORA** and her co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission

4

of false and fraudulent claims to Medicare; (b) offering and paying kickbacks and bribes to patient recruiters in return for referring Medicare beneficiaries to serve as patients at R&S, St. Theresa, and New Day, (c) concealing the fraud through the creation of false and fraudulent documents; and (d) receiving and diverting the proceeds of the fraud for the personal use and benefit of the defendant and her co-conspirators, and for the purpose of furthering the fraud.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and her co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

15. Co-conspirators of **LOURDES MORA** paid and caused the payment of kickbacks to patient recruiters in return for referring Medicare beneficiaries to serve as patients at R&S, St. Theresa, and New Day, which then billed Medicare for PHP services that were not medically necessary and not provided.

16. **LOURDES MORA** and her co-conspirators falsified, fabricated, and altered, and caused the falsification, fabrication, and alteration, of patient documentation to make it appear that Medicare beneficiaries needed PHP services, qualified for PHP services, and received PHP services, when, in fact, such services were not medically necessary and not provided.

17. **LOURDES MORA** and her co-conspirators submitted and caused the submission by R&S, St. Theresa, and New Day of more than $68 million in false and fraudulent claims to Medicare, seeking payment for PHP services purportedly provided to beneficiaries when, in fact, such services were not medically necessary and not provided.

18. As a result of these false and fraudulent claims, **LOURDES MORA** and her co-conspirators caused Medicare to pay more than $27 million to R&S, St. Theresa, and New Day.

19. **LOURDES MORA** and her co-conspirators transferred the fraud proceeds to themselves and companies they controlled, and used the proceeds to further the fraud.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE
## (18 U.S.C. § 982)

1. The General Allegations Section of this Information and the allegations set forth in Count 1 are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which **LOURDES MORA** has an interest.

2. Upon conviction of any violation of Title 18, United States Code, Section 1347, or any conspiracy to commit such violation, as alleged in this Information, the defendant shall forfeit to the United States of America any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense pursuant to Title 18, United States Code, Section 982(a)(7).

3. The property which is subject to forfeiture includes, but is not limited to, the following: A sum of money equal in value to the property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the violation alleged in this Information, which the United States of America will seek as a forfeiture money judgment, jointly and severally, against the defendant as part of her sentence.

All pursuant to Title 18, United States Code, Section 982(a)(7) and the procedures set forth in Title 21, United States Code, Section 853.

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
GEJAA GOBENA
DEPUTY CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

_____
A. BRENDAN STEWART
TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| vs. | **CERTIFICATE OF TRIAL ATTORNEY*** |
| LOURDES MORA,  Defendant.  _____ / | **Superseding Case Information:** |

**Court Division**: (Select One)

| | | | | New Defendant(s) | ____ | No ____ |
|---|---|---|---|---|---|---|
| _X_ | Miami | ____ | Key West | Number of New Defendants | ____ | |
| ____ | FTL | ____ | WPB    ____ FTP | Total number of counts | ____ | |

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:       (Yes or No)       _N_
   List language and/or dialect       _____

4. This case will take _0_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                                     (Check only one)

   | I   | 0 to 5 days    | _X_ | Petty    | ____ |
   |-----|----------------|-----|----------|------|
   | II  | 6 to 10 days   | ____ | Minor    | ____ |
   | II  | 11 to 20 days  | ____ | Misdem.  | ____ |
   | IV  | 21 to 60 days  | ____ | Felony   | _X_  |
   | V:  | 61 days and over | ____ | | |

6. Has this case been previously filed in this District Court?    (Yes or No)    No
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?    (Yes or No)    No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____    District of _____

   Is this a potential death penalty case? (Yes or No)    No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    ____ Yes    _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    ____ Yes    _X_ No

_____
A. BRENDAN STEWART
TRIAL ATTORNEY, U.S. DEPARTMENT OF JUSTICE
SD FL COURT ID NO. A5501801

*Penalty Sheet(s) attached                                                      REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: LOURDES MORA

**Case No**: _____

Count #: 1

Conspiracy to Commit Health Care Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:**     Ten (10) years' imprisonment

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | Case No. **15-20416 CR - KING** /TORRES |
| v. | ) | |
| LOURDES MORA, | ) | |
| | ) | |
| Defendant | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

**LOUIS MARTINEZ, ESQ.**
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: <u>LOURDES MORA</u>

<u>personal surety, electronic monitoring</u>
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)


By: _____
    AUSA:   A. Brendan Stewart, DOJ


Last Known Address: _____

_____

_____

What Facility:   _____

_____

Agent(s):   <u>FBI S/A Jacqueline Fruge</u>
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
954.605.3550