UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CR-20416

UNITED STATES OF AMERICA

vs.

LOURDES MORA,

    Defendant.
_____/

# FIRST RESPONSE TO THE STANDING DISCOVERY ORDER BY THE UNITED STATES

The United States hereby files this First Response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.    1.    The United States is not currently aware of recorded statements made by the defendant in connection with the instant matter.

         2.    The United States is currently producing reports of law enforcement agents memorializing interviews conducted of the defendant in which the defendant made statements to law enforcement..

         3.    The defendant has not testified before a Grand Jury in connection with the charged offenses.

         4.    The United States is currently producing the NCIC records of the defendant.

         5.    The United States will produce, in electronic format, certain books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof (not including materials obtained by search warrant or Grand Jury subpoena) that are material to the preparation of the defendant's defense, or which the United States intends to use as evidence at trial to prove its case in chief, or which were obtained from or belonging to the defendant.

With respect to all other books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are material to the preparation of the defendant's defense, or which the United States intends to use as evidence at trial to prove its case in chief, or which were obtained from or belonging to the defendant, may be inspected at a mutually convenient time at the Miramar Health Care Fraud Facility operated by the Office of the United States Attorney.  Please contact FBI Special Agent Jacqueline Fruge to arrange a date and time for review that is convenient to both parties.  A contact number for Special Agent Jacqueline Fruge will be made available upon request.

Upon request of counsel for the defense, the United States will provide copies of hard drives or other electronic records gathered during the course of its investigation.  If the defendant requires an image of any such material, a blank hard drive of sufficient volume to contain the requested image(s) will be required.  Production of any such image(s) should be coordinated through FBI Special Agent Jacqueline Fruge.

Additionally, the United States will make available for inspection at the Miramar Health Care Fraud Facility upon request material obtained from witnesses and/or other third-parties during the course of the investigation of R&S Community Mental Health, Inc., St. Theresa Community Mental Health Center, Inc., and New Day Community Mental Health Center, LLC (collectively, the "Facilities"), including from the Facilities themselves or the defendant.  Included in this universe of material being made available for inspection at the Miramar Health Care Fraud Facility are patient files and other documents related to the Facilities.  Such materials will be made available consistent with paragraph (Q).

The United States will produce to the defendant CDs containing the Medicare provider applications for the Facilities.  The United States will also produce CDs containing Medicare Part A data for Medicare beneficiaries for whom the Facilities billed Medicare.  Copies of these CDs will be provided to the defense subsequent to execution and return of a signed confidentiality agreement, as discussed more fully below, and consistent with paragraph (Q).

Included in the universe of material being made available for inspection at the Health Care Fraud Facility are bank and financial records that were obtained in the course of the investigation.  For the convenience of the defense, specified records will also be made available on CD upon request and upon

receipt of the executed confidentiality agreement described below. Such materials will be made available consistent with paragraph (Q).

Please be aware that the above-referenced records and documents (including but not limited to Medicare Part A data, patient files, bank and financial records) *contain confidential information concerning individuals who are not parties to the above-referenced case, including what purports to be social security numbers, and individually identifiable health, medical and financial information. Prior to making such material available to the defense, the United States will require defense counsel to execute and return to the United States a confidentiality agreement,* which is being produced to each defense counsel for counsel's signature. At the time of service of this response, a confidentiality agreement has been sent to counsel for each defendant who has been arraigned.

Upon execution and return of the confidentiality agreement, the United States will make the above-referenced materials available for inspection or will produce the above-referenced materials to the defendant in electronic form, as set forth above.

The documents made available pursuant to this discovery response are not necessarily copies of all the books, papers, documents, etc. that the United States may introduce at trial.

6. There were no physical or mental examinations nor scientific tests or experiments made in connection with this case.

B. **DEMAND FOR RECIPROCAL DISCOVERY:** The United States requests the disclosure and production of materials enumerated as items 1, 2, and 3 of section B of the Standing Discovery Order. This request is made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The United States will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The United States shall disclose to the defense the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective United States witnesses, within the scope of Giglio v. United States, 406 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959).

E.	The United States will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the United States at trial.

F.	The United States will make available to the defense for inspection at a mutually convenient time at the Miramar Health Care Fraud Facility identified above any photo spread or similar identification proceedings in connection with the charged offenses.

G.	The United States has advised its agents and officers involved in this case to preserve all rough notes.

H.	The United States shall timely advise the defense of its intention, if any, to introduce extrinsic act evidence pursuant to Rule 404(b), Federal Rules of Evidence. The defense is hereby on notice that all evidence made available for inspection or statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.	No defendant is an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.	The United States has transcribed the Grand Jury testimony of all witnesses who will testify for the United States at trial.

K.	No contraband is involved in this indictment.

L.	The United States does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the United States's possession.

M.	The United States is unaware of any latent fingerprints or palm prints which have been identified by a United States expert as those of the defendant.

N.	To date, the United States has not received a request for disclosure of the subject-matter of expert testimony that the United States reasonably expects to offer at trial. Nonetheless, and while not expert testimony, out of an abundance of caution the United States is disclosing that it may offer the testimony of lay witnesses who will provide technical testimony regarding the functioning of the Medicare program.

> *The United States requests the disclosure of any experts the defense intends to call at trial, as well as such experts qualifications and any proposed opinions to be offered at trial.*

O. The United States will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P. At the discovery conference, the United States will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

Q. The United States will comport with the schedule of discovery as outlined section (q) of Local Rule 88.10.

The United States is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady, Giglio, Napue*, and the obligation to ensure a fair trial.

In addition to the request made above by the United States pursuant to Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the United States hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense is listed in the indictment.

DATED: June 30, 2015

                                            Respectfully Submitted,

                                            WIFREDO FERRER
                                            UNITED STATES ATTORNEY

By:   /s/ A. Brendan Stewart
       A. BRENDAN STEWART
       TRIAL ATTORNEY
       Court ID No. A5501801
       United States Department of Justice
       1400 New York Avenue, N.W.
       Washington, D.C. 20530
       Phone: (202) 716-1142
       brendan.stewart@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2015, I electronically filed the foregoing document, FIRST RESPONSE TO THE STANDING DISCOVERY ORDER BY THE UNITED STATES, with the Clerk of Court using CM/ECF.

      /s/ A. Brendan Stewart
A. Brendan Stewart
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section