UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20416-CR-King/Garber

UNITED STATES OF AMERICA,

v.

LOURDES MORA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

    THIS CAUSE was before the Court by Order of Reference from United States District Judge James Lawrence King and the consent of the parties for the acceptance by a United States Magistrate Judge of a guilty plea by the defendant in this cause. Pursuant to such reference the Court has conducted a change of plea hearing on August 27, 2015 which was attended by the defendant Mora, her attorney, Louis V. Martinez, Esquire, and A. Brendan Stewart, United States Department of Justice. The Court hereby advises as follows:

    1. At the commencement of the change of plea proceedings the Court advised the defendant that she had a right to have these proceedings conducted by the United States District Judge assigned to this case. The defendant was advised that a Magistrate Judge was conducting these proceedings by Order of Reference from the District Judge, based upon the consent of the defendant, her attorney, and the Assistant United States Attorney to whom this cause is assigned, as evidenced by the filing of a Waiver executed by the defendant, her counsel, and government counsel. The Court advised the defendant that the sentence would be imposed by the District Judge, who would make all

findings and rulings regarding such sentence and would conduct a sentencing hearing at a time scheduled by the District Judge as set forth below.

2. The defendant was advised that she did not have to permit the undersigned United States Magistrate Judge to conduct the change of plea hearing and could request that it be conducted only by a United States District Judge. All parties and counsel agreed and consented to these proceedings being conducted by the undersigned.

3. The Court then conducted a plea colloquy with the defendant consistent with the outline set forth in the Bench Book for U. S. District Court Judges and in conformity with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

4. The Court advised the defendant of the sentence possibilities as to the charges set forth in the Information to which she was tendering a guilty plea, as well as the possible fine and term of supervised release. The Court also advised the defendant of the mandatory special assessment of $100.00 which must be paid at the time of sentencing. The defendant was advised that the charge to which she was pleading guilty carried a maximum term of imprisonment of up to ten (10) years, a fine of up to $250,000, and a term of supervised release of up to three (3) years. In addition thereto, the defendant is subject to the forfeiture as set forth in the Information. By her guilty plea the defendant has waived her right to contest such forfeiture.

5. The defendant has waived her right to appeal. Such waiver, however, would not be effective in the event the government appealed, or the sentence exceeded that authorized by statute, or the sentence was the result of an upward departure from the Advisory Sentencing Guidelines. The Court questioned the defendant as to her understanding and meaning of such waiver, to which she responded that she indeed understood the waiver and that the waiver was given freely, knowingly,

and voluntarily. Counsel's statements to the Court reflected that he had fully discussed the waiver with the defendant and that he was satisfied that she fully understood same, Accordingly, the Court finds that such waiver was given freely, knowingly, and voluntarily and is accepted by the Court.

6. The defendant acknowledged that she was satisfied with the services of her attorney and that she had full opportunity to discuss all facets of her case with her attorney, which she acknowledged that she understood.

7. The defendant pled guilty to the charge set forth in the Information, charging her with conspiring with others to commit Health Care Fraud, in violation of Title 18, United States Code, Section 1349.

8. The government filed a factual basis, made part of the record and executed by the government, the defendant and her counsel, for the guilty plea which consisted of all of the essential elements of the offense to which the defendant is pleading guilty.

9. The defendant was referred to the United States Probation Office for the preparation of a Pre-sentence Report. The defendant, by agreement of the government, was allowed to remain at liberty under the conditions of release previously imposed.

**Sentencing is scheduled for Thursday, November 12, 2015 at 10:00 A.M. before Senior U.S. District Judge James Lawrence King, in Courtroom II, Eleventh Floor, in the James Lawrence King Federal Justice Building**.

Accordingly, and based upon the foregoing and the plea colloquy conducted in this cause, the undersigned hereby

RECOMMENDS that the defendant be found to have freely and voluntarily entered her guilty plea to the Information, that her guilty plea be accepted, that she be adjudicated guilty of such

offense, and that a sentencing hearing as scheduled above be conducted for a final disposition of this cause.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge James Lawrence King. See 28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 27th day of August 2015.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE