UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-20416-CR-KING

UNITED STATES OF AMERICA,

vs.

LOURDES MORA,

     Defendant.

_____/

## ORDER GRANTING IN PART THIRD MOTION FOR REDUCTION OF SENTENCE

**THIS CAUSE** is before the Court upon the Government's Second Renewed Motion for a Rule 35 Reduction (the "Third Motion for Reduction") (DE 67), filed June 26, 2016. The Court has additionally considered Defendant's Response to the Government's Motion to Reduce Sentence Pursuant to Rule 35 (DE 68), filed June 26, 2016.

The Government seeks a forty percent reduction of Defendant's 108-month sentence based on her substantial assistance in the investigation or prosecution of others. Defendant urges the Court to grant the motion, but seeks a reduction of sixty-five percent of her sentence to avoid disparity with the sentences imposed by other U.S. District Judges of the Southern District of Florida on separately-indicted co-conspirators. The Court heard oral argument on the motion on July 8, 2016.

### PROCEDURAL BACKGROUND

On August 27, 2015, Defendant entered a plea of guilty to the charge set forth in the Information (DE 3), conspiracy to commit healthcare fraud in violation of Title 18, United States Code, Section 1349. DE 19; DE 22.  Following the preparation of a Presentence Investigation Report ("PSI") (DE 23), Defendant moved for downward departure from the guideline range of

1

108 to 120 months established by the PSI. DE 26. At the sentencing hearing held on November 12, 2015, the Court heard oral argument on Defendant's motion for downward departure.

The motion for downward departure relied upon Defendant's personal history and characteristics, as well as her immediate cooperation with the Government, to argue in favor of a sentence below the guideline range. *See* DE 26; *see also* Transcript of Sentencing at 6-7, Nov. 12, 2015. The PSI contains no facts relating to Defendant's cooperation, and neither party presented any evidence related to cooperation at the sentencing hearing. The Government opposed Defendant's motion for downward departure and requested a sentence at the low end of the guideline range, arguing "[w]e do think that given sentences that have been given in other cases, a guideline sentence of 108 months is appropriate and consistent with other sentences." Transcript of Sentencing at 11-12. The Court ultimately denied Defendant's motion for downward departure and sentenced Defendant to 108 months of imprisonment, finding Defendant's heavy involvement in this egregious $68,000,000 fraud warranted a guideline range sentence. *Id.* at 15-16.

On March 9, 2016, approximately four months after Defendant was sentenced, the Government filed a Motion for a Rule 35 Reduction (the "First Motion for Reduction") (DE 44), which stated only "[D]efendant has provided the Government with substantial assistance and . . . the Government recommends a 40% reduction of her sentence" and requested a hearing date to be scheduled after a certain date when several co-conspirators were scheduled to have hearings on pending Rule 35 motions in their respective cases.[1] DE 44 at ¶¶ 4-5. Finding the Government had filed the First Motion for Reduction prematurely, the Court denied the motion without

---

[1] The First Motion for Reduction contains no factual allegations related to Defendant's substantial assistance, nor is any evidence appended to the motion.

prejudice to the Government to file a renewed motion if and when it became ready to proceed. DE 50.

On May 12, 2016, one week after the Court denied the First Motion for Reduction, the Government filed its Renewed Motion for a Rule 35 Reduction (the "Second Motion for Reduction") (DE 54), which again stated only, "[D]efendant has provided the Government with substantial assistance and . . . the Government recommends a 40% reduction of her sentence."[2] DE 54 at ¶ 4. Finding it was without any basis upon which it might rely to determine the appropriateness of the requested reduction, the Court denied the Second Motion for Reduction. DE 62.

On June 25, 2016, approximately two months after the Court denied the Second Motion for Reduction, the Government filed its Second Renewed Motion for a Rule 35 Reduction (the "Third Motion for Reduction") (DE 67). The Third Motion for Reduction sets forth factual allegations related to Defendant's assistance in nine numbered paragraphs,[3] recites the sentencing history and ultimate sentences of Defendant's co-conspirators in ten numbered paragraphs, and requests a forty percent reduction of Defendant's sentence based on her substantial assistance. *See* DE 67 at ¶¶ 9-17, 18-26.

While the Government seeks a reduction based solely on Defendant's substantial assistance, the Third Motion for Reduction notes, "[i]n light of the sentences of [D]efendant's co-conspirators, the [G]overnment has been informed by counsel for [D]efendant that [D]efendant will be requesting that the Court reduce [D]efendant's sentence by 60%." *Id.* at ¶ 25. Defendant's Response to the Third Motion for Reduction (DE 68) urges the Court to grant the

---

[2] The Second Motion for Reduction contains no factual allegations related to Defendant's substantial assistance, nor is any evidence appended to the motion.

[3] No evidence is appended to the motion.

Third Motion for Reduction, but asks the Court to grant a sixty-five percent reduction of Defendant's sentence. Defendant does not argue that her *substantial assistance* merits a larger reduction than that requested by the Government, but rather she argues she should receive a larger reduction "to avoid the glaring sentencing disparity that exists at this moment between herself and her supervisor, [Erik Alonso]."[4] *See* DE 68 at 4.

On July 8, 2016, the Court held a hearing on the Third Motion for Reduction. At the hearing, the Court invited first the Government, then Defendant, to call any witnesses they wished to present in support of the requested reduction. Transcript of Rule 35 Reduction Hearing at 3, July 8, 2016. Neither the Government nor Defendant called any witnesses to offer testimony in support of the requested reduction or sought to admit any evidence into the record. *Id.* Counsel for the Government then described Defendant's assistance, beginning with her first interview in February of 2012 and continuing through the course of 2015. *Id.* at 5-7. For her part, Defendant argued that fairness and avoidance of disparity required a larger reduction than that which is sought by the Government.

## DISCUSSION

The Court has, on two previous occasions in this case, denied motions for reduction of sentence filed by the Government. Most recently, the Court denied the Government's Second Motion for Reduction for failing to set forth any basis upon which the Court might rely to determine the appropriateness of the reduction requested. Through the instant, Third Motion for Reduction, the Government again moves for a forty percent reduction of Defendant's sentence due to Defendant's substantial assistance in the prosecution of others. Defendant urges the Court

---

[4] Erik Alonso, a separately-indicted co-conspirator, initially received a sixty month sentence of imprisonment on April 8, 2016 (five months after this Court sentenced Defendant Mora), and then received the benefit of a motion for a Rule 35 reduction which reduced his sentence to forty months of imprisonment. *See United States v. Borges*, 15-CR-20383-Ungaro.

to grant the Government's motion, but seeks a sixty-five percent reduction of her sentence, arguing she is entitled to a greater than forty percent reduction due to her disparate sentence vis-à-vis her co-conspirators and their relative culpability in the conspiracy.

As an initial matter, in determining what, if any, reduction should be granted based on a motion filed pursuant to Rule 35 of the Federal Rules of Criminal Procedure, the Court may not consider factors other than a defendant's substantial assistance.[5] *U.S. v. Chavarria-Herrara*, 15 F.3d 1033, 1037 (11th Cir. 1994) (Anderson, J.). Accordingly, the Court must reject Defendant's argument for a greater than forty percent reduction, which is based solely upon a perceived disparity between Defendant's sentence and the sentences received by her separately-indicted co-conspirators.

Turning back to the Third Motion for Reduction itself, the Court is faced with a deficient motion for a third time. There is no record upon which the Court might rely to make findings related to Defendant's substantial assistance. Indeed, while the motion contains factual *allegations* relating to Defendant's substantial assistance, the allegations are not substantiated by any evidence. Moreover, at the hearing on the Third Motion for Reduction, when the Court invited the parties to present witnesses to offer testimony relating to Defendant's substantial assistance, the parties declined to present any witnesses. Rather than present any witnesses or admit any evidence during the hearing, the parties simply made argument in support of the motion through counsel.

The Government does not seem to know the difference between argument of counsel and issues of fact. Allegations of fact in a pleading (e.g., a motion in a criminal case) have to be

---

[5] The exception to this rule does not inure to the benefit of defendants. *See U.S. v. Manella*, 86 F.3d 201 (11th Cir. 1996) (courts may weigh 18 U.S.C. 3553(a) factors *against* a defendant's substantial assistance in deciding to what extent a sentence should be reduced, but a defendant may be *rewarded* under Rule 35, if at all, only for substantial assistance).

proven through a record with testimony and evidence, competent and admissible under the Federal Rules of Evidence. We (Judges) tell every jury, "What the lawyers say is not evidence–it is only their opinion, based on the evidence I have admitted into the record. You–not the lawyers–are the sole judges of the facts." In the context of a Rule 35 proceeding, the Court is the fact finder, but the Court must have evidence upon which to rely to make findings of fact. In this matter, there are none. The defense "fairness to the Defendant" argument is the only factor upon which the Court has any ground upon which it could possibly rely. The Court has concluded that the differences in the Sentencing policies of the several decisions of Court should not be, and is not a problem over which the Defendant has any control or over which she should be prejudiced. Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that the Government's Second Renewed Motion for a Rule 35 Reduction **(DE 67)** be, and the same is, hereby **GRANTED IN PART**. Further, it is

**ORDERED, ADJUDGED** and **DECREED** that Defendant Lourdes Mora's sentence be and it is hereby reduced to 84 months' imprisonment with the U.S. Bureau of Prisons.  All other provisions of the Court's original Judgment of Commitment (DE31) entered November 12, 2015 remain unchanged and in full force and effect.

**DONE AND ORDERED** in Chambers in the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 25th day of August, 2016.

HONORABLE JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record